Aaron W. Baker, OSB No. 922220
Email: aaron@awbakerlaw.com
Serena L. Liss, OSB No. 154799
Email: serena@awbakerlaw.com
BAKER LAW PC
One SW Columbia, Suite 1850
Portland, OR 97204
Phone: 503/ 234-8800
Fax: 503/ 525-0650

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **NISA TOUM**, <br><br> Plaintiff, <br><br> v. <br><br> **MODA PARTNERS, INC., MODA, INC. dba MODA HEALTH, MODA HEALTH SERVICES AND MODA HEALTH PLAN, INC.,** <br><br> Defendants. | Case No. 3:20-cv-01832-MO <br><br> **FIRST AMENDED COMPLAINT** <br><br> (Americans with Disabilities Act of 1990) <br><br> DEMAND FOR JURY TRIAL |

### Nature of the Action

1.

Plaintiff brings this action for monetary relief, damages, costs, punitive damages, and attorney fees for herself to redress injuries done to her by Defendants

Page 1 – FIRST AMENDED COMPLAINT

or officers, employees, or agents of said Defendants in contravention of her federally protected rights in violation of the Americans with Disabilities Act of 1990, as codified, 29 U.S.C. §§ 12101 *et seq.* ("ADA").

## Jurisdictional Allegations

2.

The court has jurisdiction over Plaintiff's federal claims pursuant to 42 U.S.C. § 12101 *et seq.* and 28 U.S.C. §§ 1331, 1343.

3.

Venue is proper within the District of Oregon, Portland Division, pursuant to 28 U.S.C. § 1391(b) because all or substantially all the events or omissions giving rise to the claims arose in this judicial district.

## General Factual Allegations

4.

At all material times, Defendant Moda Partners, Inc. was and is a business corporation incorporated in Delaware, doing business in Multnomah County, Oregon.

5.

At all material times, Defendant Moda, Inc. dba Moda Health was and is a foreign corporation, doing business in Multnomah County, Oregon.

6.

At all material times, Defendant Moda Health Services was a domestic limited liability corporation, doing business in Multnomah County, Oregon.

7.

At all material times, Defendant Moda Health Plan, Inc. was and is a domestic business corporation, doing business in Multnomah County, Oregon.

///

Page 2 – FIRST AMENDED COMPLAINT

BAKER LAW PC
ONE SW COLUMBIA ST.
SUITE 1850
PORTLAND, OR 97204
PHONE: (503) 234-8800

8.

At all material times herein, Defendants employed fifteen or more employees.

9.

Plaintiff was a resident of Vancouver, Washington at all material times herein. During Plaintiff's employment with Defendants, she worked in Portland, Oregon.

10.

At all material times herein, Plaintiff was supervised by Defendants' employees or agents and Plaintiff relied on the actual or apparent authority of Defendants' employees, supervisors, and management.

11.

Defendants discriminated against Plaintiff by engaging in and/or allowing a continuing course of conduct, including but not limited to, requiring Plaintiff to submit to an examination and/or inquiry regarding her disability, retaliating against Plaintiff for opposing Defendants' acts or practices that were violations of the ADA, discriminating against Plaintiff based on her disability or perceived disability, failing to engage in the interactive process, and failing to accommodate Plaintiff's disability.

12.

At all material times herein, Plaintiff suffered, and continues to suffer from Adult Attention Deficit Hyperactivity Disorder ("ADHD"), which substantially limits one or more of Plaintiff's major life activities, including but not limited to thinking, concentrating, and sleeping. Accordingly, Plaintiff suffers from a serious medical condition, which qualifies as a disability. Moreover, during her employment with Defendants, Plaintiff understands Defendants perceived Plaintiff as suffering from a disability, including but not limited to ADHD and depression. Despite

Page 3 – FIRST AMENDED COMPLAINT

BAKER LAW PC
ONE SW COLUMBIA ST.
SUITE 1850
PORTLAND, OR 97204
PHONE: (503) 234-8800

Plaintiff's disability, record of disability, and/or perceived disability she was able, with or without accommodation, to perform the essential functions of her position with Defendants.

13.

Defendants hired Plaintiff on or about September 12, 2011 as a clerk in the Dental Claims department. In or about May of 2012, Defendants promoted Plaintiff to the position of Pharmacy Assistant I in the Pharmacy Services department. In or about December of 2012, Defendants promoted Plaintiff to the position of Pharmacy Assistant II. In or about August of 2014, Defendants promoted Plaintiff to the position of Account Services Coordinator, which Plaintiff held until her termination on or about February 20, 2019. Plaintiff worked hard for Defendants and was good at her job.

14.

During Plaintiff's employment, she would frequently work in meeting rooms in the building instead of her assigned workstation because she was able to concentrate more fully on her assigned tasks as there were fewer distractions in the meeting rooms. No coworkers had ever expressed any complaints or concerns with Plaintiff working from meeting rooms instead of her workstation. Plaintiff would update her coworkers regarding her whereabouts and otherwise made herself available to her coworkers.

15.

In or about September of 2018, Plaintiff's supervisor, Robert Judge—the Director of Pharmacy Services— proposed moving Plaintiff's workstation to a new desk that was separated by a wall and not surrounded by cubicle neighbors. When Judge proposed this move, Judge asked Plaintiff if the move would help minimize the distractions and noise, which would allow Plaintiff to concentrate more fully on

Page 4 – FIRST AMENDED COMPLAINT

BAKER LAW PC
ONE SW COLUMBIA ST.
SUITE 1850
PORTLAND, OR 97204
PHONE: (503) 234-8800

her work and would help alleviate Plaintiff's ADHD symptoms. Plaintiff responded affirmatively. Judge and Plaintiff planned to move Plaintiff's workstation in December of 2018 or January of 2019, during which time the current occupant of the desk would be moving to another floor.

16.

On or about December 12, 2018, Plaintiff met with Judge for a weekly one-on-one meeting to discuss priorities, concerns, exchange feedback, and to provide status reports on ongoing tasks. During this meeting, Judge told Plaintiff that he planned to schedule a time to go over Plaintiff's 2018 Annual Performance Evaluation and a Performance Improvement Plan ("PIP"). During the meeting, Plaintiff reported to Judge that she was experiencing personal challenges, including that her ADHD symptoms were getting progressively worse. Plaintiff explained that her ADHD was affecting both her work performance and her personal life. Plaintiff also informed Judge that she was experiencing issues at home, including but not limited to her grandmother's terminal illness. Judge expressed sympathy.

17.

Following the December 12, 2018 meeting, Judge allegedly met with Mark Timmerman, the Human Resources Director, to request an informal referral to the Employee Assistance Program ("EAP") for voluntary counseling. Later that day, Judge informed Plaintiff that he had disclosed their conversation to Timmerman. Judge requested Plaintiff meet with Timmerman to get information regarding the EAP.

18.

At 3:56 p.m. on December 12, 2018, Plaintiff sent an email to Timmerman requesting his availability to meet to discuss Plaintiff's options regarding the EAP. The meeting did not occur that day due to scheduling conflicts and

Page 5 – FIRST AMENDED COMPLAINT

BAKER LAW PC
ONE SW COLUMBIA ST.
SUITE 1850
PORTLAND, OR 97204
PHONE: (503) 234-8800

miscommunication, causing Timmerman to become upset with Plaintiff. The same day, at 5:05 p.m., Plaintiff received a text message from Judge expressing disappointment that Plaintiff did not meet with Timmerman that day.

19.

On or about December 18, 2018, Plaintiff attended a meeting with Judge and Timmerman, during which Plaintiff was told she was not meeting expectations. For that reason, Defendants placed Plaintiff on a PIP, giving her sixty days to improve her performance. According to Defendants, failure to meet expectations at the end of the sixty days would subject Plaintiff to further disciplinary action, up to and including termination. One of the conditions listed in Plaintiff's PIP was that "you will no longer be allowed to work in other areas in the building due to a poor pattern of your being unavailable and/or non-responsive to your team. Until further notice, you are required to be available during normal working hours at your assigned desk." Plaintiff asked whether she would still be allowed to move to the new desk Judge had previously discussed with her. Timmerman responded, "no, that is not an option right now until you can successfully meet all the requirements of your PIP" or words to that effect.

20.

During the December 18, 2018 meeting, Plaintiff was also informed that Plaintiff's compliance with the EAP was now mandated. Plaintiff understands that this mandated EAP referral did not comply with Defendants' or EAP policies as mandated EAP referrals typically occur as part of a "last chance agreement," following a documented history of poor performance, disciplinary action, write ups, and/or verbal coaching. Prior to the 2018 PIP, Plaintiff does not recall being disciplined in any way. Plaintiff was given no deadline by which to complete the

Page 6 – FIRST AMENDED COMPLAINT

BAKER LAW PC
ONE SW COLUMBIA ST.
SUITE 1850
PORTLAND, OR 97204
PHONE: (503) 234-8800

three mandated counseling sessions with the EAP nor was the mandated EAP referral contained in the PIP she received on December 18, 2018.

21.

Plaintiff responded that she would comply with the mandatory EAP counseling as long as the program would provide a counselor who specializes in Adult ADHD. Indeed, Plaintiff already had plans to seek treatment for her psychological condition, so she was open to the option of pursuing this counseling through EAP. Neither Timmerman nor Judge rejected Plaintiff's proposal. After the meeting, Judge sent Plaintiff a text message that stated, "Thx for meeting this morning. It was also nice to see you looking more relaxed. I am really looking forward to having you back."

22.

Plaintiff's ADHD symptoms were aggravated as she no longer had the option to work in a less distracting environment. Plaintiff was then forced to work late into the evenings and early mornings nearly every day up until her termination to keep up with her workload.

23.

On or about January 9, 2019 at 9:40 a.m., Timmerman sent Plaintiff an email while she was in a client conference call with Judge. The email requested Plaintiff go to Timmerman's office to sign the release for the EAP. Plaintiff responded that her PIP requires that she attend all meetings and stay for the full duration. However, she stated that she would try to get Judge's attention to ask if she could step away.

24.

Plaintiff arrived at Timmerman's office at approximately 1:00 p.m. on January 9, 2019. Timmerman proceeded to berate Plaintiff in front of other

Page 7 – FIRST AMENDED COMPLAINT

BAKER LAW PC
ONE SW COLUMBIA ST.
SUITE 1850
PORTLAND, OR 97204
PHONE: (503) 234-8800

employees. Timmerman accused Plaintiff of not caring about her job, not taking the EAP seriously, and of making excuses. Timmerman finally stated, "I need to walk away before I say something I regret" or words to that effect, and then stormed off. Plaintiff was left standing alone and she broke down in tears. She went to the restroom, where she hyperventilated and had an anxiety attack, causing her to pass out. This incident caused Plaintiff to feel humiliated, uncomfortable, anxious, depressed, afraid, insecure, angry, and intimidated. It also aggravated Plaintiff's conditions. Plaintiff understands Timmerman was not disciplined for this incident despite Defendants' Executives' knowledge of the incident.

25.

During the morning of January 10, 2019, Plaintiff sent Judge a text message explaining what had occurred between Timmerman and Plaintiff. Specifically, she expressed that she felt disrespected, worthless, and humiliated by Timmerman. Plaintiff also informed Judge that she had passed out in the bathroom after the meeting with Timmerman. Plaintiff met with Judge that morning to further discuss the incident. During the meeting, Judge told Plaintiff that he attempted to explain to Timmerman that Plaintiff was in a meeting with Judge and was unable to leave during the meeting to meet with Timmerman. Judge explained Timmerman accused Judge of "just trying to have her back" or words to that effect. Plaintiff asked Judge if she was going to be fired because, based on Timmerman's statements, Plaintiff understood she would be terminated for failing to comply with the EAP referral by January 9, 2019. Judge replied that Timmerman does not have the authority to fire Plaintiff. Judge also told Plaintiff that Timmerman recommended terminating Plaintiff's employment, which Judge declined.

///

///

Page 8 – FIRST AMENDED COMPLAINT

BAKER LAW PC
ONE SW COLUMBIA ST.
SUITE 1850
PORTLAND, OR 97204
PHONE: (503) 234-8800

26.

Plaintiff attended an appointment with an EAP counselor, who told Plaintiff she was unable to help Plaintiff with her ADHD concerns as she did not specialize in ADHD. Indeed, when Plaintiff asked if she should schedule the remaining two counseling sessions, the counselor responded that it would not be necessary as she did not specialize in ADHD. The counselor informed Plaintiff that she believed Plaintiff was referred to the EAP for depression and/or family issues. Plaintiff made the decision to forego the remaining two counseling sessions, and instead scheduled appointments with her own provider. Plaintiff informed Judge of her decision and Judge did not oppose Plaintiff's actions or her plans.

27.

On or about February 20, 2019, Plaintiff received a text message from Judge requesting a meeting that afternoon. When Plaintiff arrived at the meeting, Judge and Mary Lou True, Defendants' Vice President of Human Resources, were in Judge's office. Judge informed Plaintiff that she was being terminated for non-compliance with a formal EAP referral. Plaintiff reminded Judge that he had been informed of Plaintiff's experience with the EAP counselor and that she had made an appointment with her own healthcare provider after declining further sessions with the EAP counselor because she was told that the EAP counselor could not help. Plaintiff also contended that she had made improvements in her performance, and it was her understanding that she was meeting all expectations. True handed Plaintiff termination paperwork, which stated that Plaintiff was being terminated effective February 20, 2019 due to "your inability to meet performance expectations following placement on a performance improvement plan."

///

///

Page 9 – FIRST AMENDED COMPLAINT

BAKER LAW PC
ONE SW COLUMBIA ST.
SUITE 1850
PORTLAND, OR 97204
PHONE: (503) 234-8800

28.

Plaintiff timely filed a charge with the U.S. Equal Employment Opportunity Commission ("EEOC"). The EEOC mailed Plaintiff a notice of right to sue letter and Plaintiff filed her Complaint within the deadline set by the EEOC.

## First Claim for Relief

## 42 U.S.C. § 12112(d) – Americans with Disabilities Act

29.

Plaintiff realleges paragraphs 1 through 28 above as fully set forth herein.

30.

The Americans with Disabilities Act ("ADA") prohibits employers from demanding that employees undergo medical examinations unless such examinations are shown to be "job related and consistent with business necessity." 42 U.S.C. § 12112(d)(4); 29 C.F.R. § 1630.14. Mandatory psychological counseling constitutes a medical examination and therefore violates the ADA unless it is "job related and consistent with business necessity." *See Kroll v. White Lake Ambulance Auth.*, 691 F.3d 809, 819 (6th Cir. 2012).

31.

The ADA prohibits an employer from making inquiries in to whether an employee is an individual with a disability, unless such inquiry is shown to be job related and consistent with business necessity.

32.

EEOC Guidance provides that before a medical or psychological examination can be mandated by an employer, the employer must have a reasonable belief, based on objective evidence, that the employee will be unable to perform the essential functions of his or her job or that the employee poses a direct threat. Medical or psychological inquiries must be designed to allow the employer to

Page 10 – FIRST AMENDED COMPLAINT

BAKER LAW PC
ONE SW COLUMBIA ST.
SUITE 1850
PORTLAND, OR 97204
PHONE: (503) 234-8800

determine the effects of medical or psychological conditions on the employee's ability to perform the job.

33.

The ADA protects employees from adverse employment actions stemming from the employee's refusal to submit to medical inquiries and/or medical or psychological exams that are prohibited by the ADA.

34.

Defendants violated the ADA by requiring Plaintiff to undergo psychological examinations, counseling, and/or inquiries that were neither job related nor consistent with business necessity; mandating Plaintiff to participate in counseling; and terminating Plaintiff's employment for refusing to participate in the unlawful medical examinations, inquiries, and/or counseling.

35.

As a result of Defendants' violation of the ADA, Plaintiff has incurred economic damages including lost wages, loss of increased pay, loss of future income, loss of paid time off, loss of or reduction in retirement benefits, loss of fringe benefits, loss of prestige, and/or loss of future job opportunities, in an amount to be proven at trial. Plaintiff will continue to have lost income and benefits into the future.

36.

As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer mental stress, emotional pain, depression, humiliation, inconvenience, and loss of enjoyment of life all to her non-pecuniary loss in an amount to be determined at trial.

///

///

Page 11 – FIRST AMENDED COMPLAINT

BAKER LAW PC
ONE SW COLUMBIA ST.
SUITE 1850
PORTLAND, OR 97204
PHONE: (503) 234-8800

37.

Defendants' conduct was willful, malicious and/or done with reckless indifference to Plaintiff's state protected rights. Defendants should be assessed punitive damages in an amount to be determined at trial.

38.

Plaintiff is entitled to recover her costs and attorney fees pursuant to 42 U.S.C. § 12205.

39.

Plaintiff also seeks equitable relief including an injunction enjoining Defendants from engaging in any employment practice which constitutes unlawful discrimination and/or retaliation under federal law.

## **Second Claim for Relief**

### **42 U.S.C. § 12112 – Retaliation**

40.

Plaintiff realleges paragraphs 1 through 39 above as fully set forth herein.

41.

Defendants retaliated against Plaintiff in the terms and conditions of her employment due to Plaintiff's good faith reporting and/or opposition to unlawful employment practices which violated 42 U.S.C. § 12112 and/or her engagement in protected activities, including but not limited to requesting a reasonable accommodation.

42.

Plaintiff realleges her damages as stated in Paragraphs 35 through 39 above.

///

///

///

Page 12 – FIRST AMENDED COMPLAINT

BAKER LAW PC
ONE SW COLUMBIA ST.
SUITE 1850
PORTLAND, OR 97204
PHONE: (503) 234-8800

## Third Claim for Relief

**42 U.S.C. § 12112 – Disability/Perceived Disability Discrimination**

43.

Plaintiff realleges paragraphs 1 through 42 above as fully set forth herein.

44.

At all material times, Plaintiff was a qualified person with a disability as defined by 42 U.S.C. § 12102.

45.

Defendants knew about Plaintiff's disability at all material times.

46.

Alternatively, Defendants perceived Plaintiff to be disabled and/or Plaintiff had a record of such disability.

47.

Defendants took adverse employment actions against Plaintiff in violation of her federally protected rights, including but not limited to disciplining Plaintiff and terminating Plaintiff's employment. Defendants' actions were motivated by Plaintiff's disability/perceived disability and constitutes unlawful disability discrimination in violation of 42 U.S.C. § 12112.

48.

Plaintiff realleges her damages as stated in Paragraphs 35 through 39 above.

## Fourth Claim for Relief

**42 U.S.C. § 12112 – Failure to Engage in the Interactive Process and/or Accommodate Plaintiff's Disability**

49.

Plaintiff realleges paragraphs 1 through 48 above as fully set forth herein.

///

Page 13 – FIRST AMENDED COMPLAINT

BAKER LAW PC
ONE SW COLUMBIA ST.
SUITE 1850
PORTLAND, OR 97204
PHONE: (503) 234-8800

50.

At all material times, Plaintiff was a qualified person with a disability as defined by 42 U.S.C. § 12102.

51.

Defendants knew about Plaintiff's disability at all material times.

52.

Defendants discriminated against Plaintiff in violation of her federally protected rights under 42 U.S.C. § 12112 by failing to engage in the interactive process and/or by failing for make reasonable accommodations for Plaintiff's disability.

53.

Plaintiff realleges her damages as stated in Paragraphs 35 through 39 above.

## **Prayer for Relief**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For permanent injunctive relief enjoining Defendants, its officers, employees, and agents from engaging in any employment practice which constitutes unlawful discrimination and/or retaliation under federal law;
2. Economic damages and future losses to be determined at trial;
3. Non-economic damages to be determined at trial;
4. Punitive damages in an amount to be determined at trial;
5. Reasonable costs and attorney fees; and

///

///

///

///

///

Page 14 – FIRST AMENDED COMPLAINT

BAKER LAW PC
ONE SW COLUMBIA ST.
SUITE 1850
PORTLAND, OR 97204
PHONE: (503) 234-8800

6.      For such other and further relief as the Court may deem just and equitable.

DATED this 13th day of May, 2022.

                                                BAKER LAW PC

                                                *s/ Serena L. Liss*
                                                Aaron W. Baker, OSB No. 922220
                                                Serena L. Liss, OSB No. 154799
                                                Attorneys for Plaintiff

Page 15 – FIRST AMENDED COMPLAINT

**BAKER LAW PC**
ONE SW COLUMBIA ST.
SUITE 1850
PORTLAND, OR 97204
PHONE: (503) 234-8800

CERTIFICATE OF SERVICE

    I certify that I served true copies of the foregoing FIRST AMENDED COMPLAINT on May 13, 2022, electronically via email to:

Andrew M. Schpak
aschpak@barran.com
Natalie M. Pattison
npattison@barran.com
Barran Liebman LLP
601 SW Second Ave., Ste. 2300
Portland, OR 97204

    *Attorneys for Defendants*

    *s/ Serena L. Liss*
    Serena L. Liss

CERTIFICATE OF SERVICE

BAKER LAW PC
ONE SW COLUMBIA ST.
SUITE 1850
PORTLAND, OR 97204
PHONE: (503) 234-8800