**Andrew M. Schpak,** OSB No. 044080
aschpak@barran.com
**Natalie Pattison,** OSB No. 204214
npattison@barran.com
Barran Liebman LLP
601 SW Second Avenue, Suite 2300
Portland, Oregon 97204-3159
Telephone: (503) 228-0500
Facsimile No.: (503) 274-1212
Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| NISA T. TOUM, | **Case No. 3:20-cv-01832-MO** |
| Plaintiff, | **DEFENDANTS' ANSWER AND** |
| v. | **AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| MODA PARTNERS, INC., MODA INC., dba MODA HEALTH, MODA HEALTH SERVICE and MODA HEALTH PLAN, INC., | |
| Defendants. | |

Defendants Moda Partners, Inc., Moda Inc. dba Moda Health, Moda Health Service and Moda Health Plan, Inc. (collectively, "Moda" or "Defendants"), in answer to Plaintiff Nisa T. Toum's ("Plaintiff") First Amended Complaint, state as follows:

## NATURE OF THE ACTION

1.

Answering paragraph 1 of Plaintiff's First Amended Complaint, Moda admits Plaintiff correctly identifies the causes of action alleged in the Complaint. Except as expressly admitted,

PAGE 1 – DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Moda denies the remaining allegations contained in paragraph 1 of Plaintiff's First Amended Complaint.

## JURISDICTIONAL ALLEGATIONS

2.

Answering paragraph 2 of Plaintiff's First Amended Complaint, Moda admits that this Court has jurisdiction over the claims asserted in Plaintiff's First Amended Complaint.

3.

Answering paragraph 3 of Plaintiff's First Amended Complaint, Moda admits venue is proper with this Court.

## GENERAL FACTUAL ALLEGATIONS

4.

Moda admits the allegations contained in paragraphs 4-8 of Plaintiff's First Amended Complaint.

5.

Answering paragraph 9 of Plaintiff's First Amended Complaint, Moda admits that Plaintiff listed Vancouver, Washington as her address in Plaintiff's Complaint. Moda admits that Plaintiff worked in Portland, Oregon during her employment with Moda.

6.

Answering paragraph 10 of Plaintiff's First Amended Complaint, Moda admits that Robert Judge works as a Director in Moda's Pharmacy Services department and was Plaintiff's supervisor. Except as expressly admitted, Moda denies the remaining allegations contained in paragraph 10 of Plaintiff's First Amended Complaint.

7.

Moda denies the allegations contained in paragraph 11 of Plaintiff's First Amended Complaint.

Page 2 – DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
          FIRST AMENDED COMPLAINT

8.

Moda denies the allegations contained in paragraph 12 of Plaintiff's First Amended Complaint.

9.

Answering paragraph 13 of Plaintiff's First Amended Complaint, Moda admits that Moda Health hired Plaintiff on September 12, 2011, for the position of a Dental Clerk in the Dental Claims department. Moda admits that Moda Health promoted Plaintiff to the position of Pharmacy Assistant in the Pharmacy Services department on May 7, 2012. Moda admits that Plaintiff began working as a Pharmacy Assistant II in the Pharmacy Services department on December 16, 2012. Moda also admits that Plaintiff was transferred to a new position as a Sales & Account Services Coordinator on July 28, 2014. Moda further admits that Plaintiff was terminated from her employment with Moda on February 20, 2019. Except as expressly admitted, Moda denies the remaining allegations contained in paragraph 13.

10.

Answering paragraph 14 of Plaintiff's First Amended Complaint, Moda admits Plaintiff would sometimes work in areas that were not her assigned work location. Moda admits that on some occasions, Ms. Toum would notify Mr. Judge that she was performing her work duties in areas of the building that were not her assigned work location. Moda admits that on other occasions, Mr. Judge would reach out to Ms. Toum and ask where she was working. Moda admits that Mr. Judge understood the reason for Ms. Toum working in an area outside her assigned work location was for reasons related to performing work on a specific project. Except as expressly admitted, Defendants deny the remaining allegations contained in paragraph 14 of Plaintiff's First Amended Complaint.

/ / /

/ / /

/ / /

Page 3 – DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
         FIRST AMENDED COMPLAINT

11.

Answering paragraph 15 of Plaintiff's First Amended Complaint, Moda restates and incorporates its response to paragraph 14 above. Except as expressly admitted, Defendants deny the remaining allegations contained in paragraph 15 of Plaintiff's First Amended Complaint.

12.

Answering paragraph 16 of Plaintiff's First Amended Complaint, Moda admits on or about December 12, 2019, Plaintiff met with Mr. Judge. Moda further admits that when Ms. Toum became aware that she was being placed on a PIP, she shared that her grandmother's terminal illness and declining health were affecting her performance. Moda admits that due to Ms. Toum's extremely poor work performance and Ms. Toum's disclosure of her grief regarding her grandmother's terminal illness, Mr. Judge determined that Moda's Employee Assistance Program ("EAP") could provide support to Ms. Toum that would help improve her work performance. Moda admits that Mr. Judge determined that Ms. Toum's use of Moda's EAP was for the purpose of providing support to Ms. Toum in an effort to help her improve her work performance. Except as expressly admitted, Moda denies the remaining allegations contained in paragraph 16 of Plaintiff's First Amended Complaint.

13.

Answering paragraph 17 of Plaintiff's First Amended Complaint, Moda admits that Mr. Judge shared with Mr. Timmerman that Ms. Toum was dealing with grief related to caring for a sick family member that had passed away or was likely to pass away soon. Moda admits that Ms. Toum was referred to Moda's EAP for the purpose of providing support to Ms. Toum and in an effort to help her improve her work performance. Moda admits that Mr. Judge and Mr. Timmerman scheduled a time to meet with Ms. Toum regarding the EAP. Except as expressly admitted, Moda denies the remaining allegations contained in paragraph 17 of Plaintiff's First Amended Complaint.

Page 4 – DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
      FIRST AMENDED COMPLAINT

14.

Answering paragraph 18 of Plaintiff's First Amended Complaint, Moda admits that Plaintiff sent an email to Mr. Timmerman on December 12, 2018, at 3:56pm saying, in part, "Robert reached out to me and mentioned that he'd like to connect us together in order to discuss some resources available to Moda employees that he thought I may find helpful . . . he was hoping I'd be able to meet with you prior to end of the day today as [I] begin my PTO tomorrow for the next few days." Moda admits that Plaintiff told Mr. Timmerman that she was carpooling back home around 4:30pm and asked whether they could meet the following week when Plaintiff returned from PTO and, the Plaintiff asked "is this going to be a fairly quick conversation that we could knock out within 10-15 minutes?" Moda admits that Mark Timmerman quickly replied to Plaintiff's email at 3:57pm on December 12, 2018, saying, "I will be brief, but we need to meet today. Please come to my office now and I will make sure you are out by 4:30 for your carpool." Moda further admits that Plaintiff did not show up for the meeting. Moda admits Mr. Timmerman texted Plaintiff expressing disappointment in Plaintiff's failure meet with him as requested. Except as expressly admitted, Moda denies the remaining allegations contained in paragraph 18 of Plaintiff's First Amended Complaint.

15.

Answering paragraph 19 of Plaintiff's First Amended Complaint, Moda admits that Plaintiff was placed on a 60-day Performance Improvement Plan ("PIP") due to the fact that Plaintiff was not meeting performance expectations for her position. Moda admits that Ms. Toum had a meeting with Mr. Judge and Mr. Timmerman to discuss her poor performance and the conditions of her PIP. Moda admits that while filling out her annual performance appraisal, it became clear to her supervisor, Mr. Judge, that Plaintiff needed to make immediate improvements in her work performance. Moda admits that Plaintiff's performance review and PIP included the following feedback:

Page 5 – DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
          FIRST AMENDED COMPLAINT

(1) You have missed important deadlines on multiple occasions. This impacts your team and our clients; (2) You are not communicating the status of your projects which has negatively impacted your teammates causing them to either reset their responsibilities or in some cases assume responsibility for your work; (3) With increasing frequency, you have arrived late at meetings, canceled or not even shown up for meetings. This has caused frustration with your peers; (4) Your quantity of work needs improvement. During the past few months, you have had to be repeatedly reminded about projects and deadlines; (5) The quality of your work has also suffered and your teammates, peers and clients have lost confidence in your work; (6) Recently you rented a car for work through Enterprise and did not return it on time . . . .

Moda admits that when Human Resources receives a performance appraisal, it is scored by a compensation specialist. Moda admits that Ms. Toum's score on her 2018 performance evaluation was so low that Moda could not calculate a merit increase. Moda admits that when a performance appraisal is too low to be scored, the manager/director is notified that the employee must be placed on a PIP to improve their performance, provide the employee coaching and direction, and an opportunity to receive a merit increase if the improvement is made during the 60-day PIP. Moda also admits that Plaintiff's PIP included, among other expectations, the following expectations: "You will no longer be allowed to work in other areas in the building due to a poor pattern of your being unavailable and/or non-responsive to your team. Until further notice, you are required to be available during normal working hours at your assigned desk." Moda admits that this condition was included in Ms. Toum's PIP because members of Ms. Toum's team had complained to Mr. Judge that Ms. Toum was rarely available, could not be found for long periods of time, did not reply to her co-workers' emails, and was unreliable. Except as expressly admitted, Defendants deny the remaining allegations contained in paragraph 19 of Plaintiff's First Amended Complaint.

/ / /

/ / /

Page 6 – DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
FIRST AMENDED COMPLAINT

**BARRAN LIEBMAN** LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

16.

Answering paragraph 20 of Plaintiff's First Amended Complaint, Moda restates and incorporates its response to paragraph 19 above. Moda further admits that during a meeting with Ms. Toum, Mr. Judge, and Mr. Timmerman, Mr. Timmerman clarified that the EAP Mandated Management referral required Ms. Toum to attend three counseling sessions. Moda admits Mark Timmerman sent an email to Plaintiff on December 18, 2018 at 3:20pm that said "Thank you for meeting with Robert and I this morning to discuss moving forward. I appreciate your willingness to receive the feedback and work towards making the necessary improvements. As we discussed, I have contacted Unum EAP and you will have to make the initial call to them to meet the requirements we discussed . . . After the first call, there will be 3 required contacts to the counselor . . . The purpose of this is to ensure you are getting the support you need. As things have gotten so out of whack with your work, there will not be an option for you to not complete this process." Moda further admits that Plaintiff was placed on a 60-day Performance Improvement Plan ("PIP") due to a low score on her annual performance review and because she was not meeting performance expectations. Except as expressly admitted, Defendants deny the remaining allegations contained in paragraph 20 of Plaintiff's First Amended Complaint.

17.

Answering paragraph 21 of Plaintiff's First Amended Complaint, Moda restates and incorporates its responses to paragraphs 19-20 above. Moda admits that Ms. Toum agreed to the EAP Mandated Management referral and signed the release of information form on January 9, 2019, which permitted the EAP to disclose to Moda only whether Ms. Toum had in fact attended all three required sessions or whether she missed one or more sessions. Moda admits that Ms. Toum canceled or missed scheduled meetings with the EAP. Except as expressly admitted, Moda denies the remaining allegations contained in paragraph 21 of Plaintiff's First Amended Complaint.

Page 7 – DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
FIRST AMENDED COMPLAINT

18.

Answering paragraph 22 of Plaintiff's First Amended Complaint, Moda restates and incorporates its responses to paragraphs 14, 15, and 19 above. Except as expressly admitted, Moda is without sufficient information to form a belief as to the truth of the remaining allegations in paragraph 22 and therefore denies the same.

19.

Answering paragraph 23 of Plaintiff's First Amended Complaint, Moda admits that Ms. Toum was asked multiple times to complete the EAP release of information form and Ms. Toum repeatedly failed to follow the reasonable instructions and expectations for completing the form by the clearly-communicated deadline. Moda admits that on January 9, 2019, at 9:40am, Mr. Timmerman sent Ms. Toum an email saying the following: "My contact at the EAP reached out to me as they have not received the required form we discussed. Have you sent the form over to them? Please stop by my office this morning before 11am to sign the form and I will send it over if you have not yet done so." Moda further admits that Ms. Toum failed to go to Mr. Timmerman's office by the time he requested. Moda admits that Ms. Toum emailed Mr. Timmerman and told him she could not come to his office because she was on a client call and her PIP required that she attend all meetings. Except as expressly admitted, Moda denies the remaining allegations contained in paragraph 23 of Plaintiff's First Amended Complaint.

20.

Answering paragraph 24 of Plaintiff's First Amended Complaint, Moda admits that Ms. Toum arrived at Mr. Timmerman's office in a heightened emotional state and began listing off excuses for her delay and failure meet expectations for completing the EAP release form. Moda admits that Mr. Timmerman did not allow Ms. Toum to enter his office due to her erratic behavior. Moda admits that Mr. Timmerman told Ms. Toum he was disappointed that she repeatedly made excuses for why she had not started the EAP process. Moda admits that Mr. Timmerman's office opens up to the reception area and the Human Resources window. Moda admits that Mr.

Page 8 – DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
     FIRST AMENDED COMPLAINT

Timmerman cut Ms. Toum off and told her that he was no longer willing to listen to her excuses about not following through on the requirements and expectations communicated to her regarding the EAP referral. Moda denies that Mr. Timmerman made any personal comments or insults towards Ms. Toum. Moda lacks sufficient information to form a belief as to the truth of the allegations in this paragraph related to Ms. Toum's feelings or any alleged anxiety attack following her meeting with Mr. Timmerman and therefore denies the same. Except as expressly admitted, Moda denies the remaining allegations contained in paragraph 24 of Plaintiff's Complaint.

21.

Answering paragraph 25 of Plaintiff's First Amended Complaint, Moda admits that Mr. Judge received a text message from Ms. Toum about the meeting. Moda admits that Mr. Judge followed up with Ms. Toum to discuss her concerns. Moda denies that Mr. Judge attempted to explain to Mr. Timmerman that it was his fault that Ms. Toum could not leave the meeting; Moda further denies that Mr. Judge told Ms. Toum otherwise. Moda denies that Mr. Timmerman accused Mr. Judge of "just trying to have her back." Moda further denies that Mr. Judge told Ms. Toum otherwise. Moda admits that Mr. Judge attempted to console Ms. Toum. Moda denies that Mr. Judge told Ms. Toum that Mr. Timmerman does not have the authority to fire Plaintiff. Except as expressly admitted, Moda denies the remaining allegations contained in paragraph 25 of Plaintiff's First Amended Complaint.

22.

Answering paragraph 26 of Plaintiff's First Amended Complaint, Moda denies that it had any knowledge of the conversation between Ms. Toum and her EAP Counselor, as the EAP meetings are confidential. Moda admits that Ms. Toum decided to forgo the remaining two counseling sessions that were required under the EAP. Moda further admits that Plaintiff failed to attend two of the three required EAP sessions. Except as expressly admitted, Moda denies the remaining allegations contained in paragraph 26 of Plaintiff's Amended Complaint.

Page 9 – DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
         FIRST AMENDED COMPLAINT

23.

Answering paragraph 27 of Plaintiff's First Amended Complaint, Moda restates and incorporates its response to paragraph 26 above. Moda further admits that Mr. Judge texted Ms. Toum requesting to meet on February 20, 2019. Moda admits that Mr. Judge, Mr. Timmerman, and Ms. True were present at Ms. Toum's termination meeting. Moda admits that Ms. Toum was terminated for not meeting performance expectations and for failing to follow reasonable rules and expectations, including but not limited to the expectation that she attend three meetings with the EAP provider and that she timely complete a release of information form to permit the EAP to disclose to Moda only whether Ms. Toum had in fact attended all three required sessions or whether she missed one or more sessions.

Moda admits that Ms. Toum made minor improvements in her performance, and that Mr. Judge gave Ms. Toum every opportunity to improve and encouraged her when she made even minor improvements. Moda further admits that the improvements were minor and that Ms. Toum did not make sustained or sufficient improvements in her performance as required under her PIP and continued to fail to follow reasonable rules and expectations. Moda admits that Mr. Judge met with Ms. Toum regularly to assist her during her PIP. Moda admits that on several occasions, Ms. Toum changed, moved, or cancelled those meetings—several times at the last minute. Moda admits that Ms. Toum made efforts to communicate by Skype or SMS when she had questions or requested clarification, but more often than not, Mr. Judge had to use Skype or SMS to communicate with Ms. Toum because she would leave her assigned work area and not communicate her location to Mr. Judge or her team members.

Moda further admits that Ms. True was present during Ms. Toum's termination meeting. Moda admits that Ms. Toum did not attend all three required EAP sessions. Moda admits that Ms. Toum was terminated due to not meeting performance expectations and for failing to follow reasonable rules and expectations, following placement on a 60-day PIP. Except as expressly

Page 10 – DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
FIRST AMENDED COMPLAINT

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

admitted, Moda denies the remaining allegations contained in paragraph 27 of Plaintiff's First Amended Complaint.

24.

Answering paragraph 28 of Plaintiff's First Amended Complaint, Moda admits that Plaintiff filed an administrative complaint with the Equal Employment Opportunity Commission ("EEOC") on December 17, 2019. Moda also admits that the EEOC mailed Plaintiff a right to sue letter after investigating Plaintiff's complaint and finding no statutory violations. Moda admits that Plaintiff filed this Complaint on October 23, 2020. Except as expressly admitted, Moda denies the remaining allegations contained in paragraph 28 of Plaintiff's First Amended Complaint.

## FIRST CLAIM FOR RELIEF

### 42 U.S.C. § 12112(d) – Americans with Disabilities Act

25.

Answering paragraph 29 of Plaintiff's First Amended Complaint, Moda restates and incorporates by reference its responses to paragraphs 1 through 28 above.

26.

Paragraphs 30-33 of Plaintiff's First Amended Complaint contain legal conclusions, which requires no response from Defendants.

27.

Moda denies the allegations in paragraphs 34-39 of Plaintiff's First Amended Complaint.

## SECOND CLAIM FOR RELIEF

### 42 U.S.C. § 12112 – Retaliation

28.

Answering paragraph 40 of Plaintiff's First Amended Complaint, Moda restates and incorporates by reference its responses to paragraphs 1 through 39 above.

Page 11 – DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

29.

Moda denies the allegations in paragraphs 41-42 of Plaintiff's First Amended Complaint.

## THIRD CLAIM FOR RELIEF

### 42 U.S.C. § 12112 – Disability/Perceived Disability Discrimination

30.

Answering paragraph 43 of Plaintiff's First Amended Complaint, Moda restates and incorporates by reference its responses to paragraphs 1 through 42 above.

31.

Moda denies the allegations in paragraphs 44-48 of Plaintiff's First Amended Complaint.

## FOURTH CLAIM FOR RELIEF

### 42 U.S.C. § 12112 – Failure to Engage in the Interactive Process and/or Accommodate Plaintiff's Disability

32.

Answering paragraph 49 of Plaintiff's First Amended Complaint, Moda restates and incorporates by reference its responses to paragraphs 1 through 48 above.

33.

Moda denies the allegations in paragraphs 50-53 of Plaintiff's First Amended Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

34.

Plaintiff has failed to allege facts sufficient to constitute an actionable claim against Moda.

/ / /

/ / /

/ / /

/ / /

Page 12 – DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
FIRST AMENDED COMPLAINT

**SECOND AFFIRMATIVE DEFENSE**

**(Plaintiff's Conduct)**

35.

Plaintiff's own deliberate, willful and/or negligent conduct proximately caused or contributed to some or all of the damages and injuries alleged in Plaintiff's complaint.

**THIRD AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

36.

Plaintiff has failed to exercise reasonable care and diligence to mitigate alleged damages, if any. In the event Plaintiff establishes any claims, Moda is entitled to an offset in the amount that Plaintiff could have earned in the exercise of reasonable diligence.

**FOURTH AFFIRMATIVE DEFENSE**

**(Fault of Others)**

37.

Plaintiff's injuries were caused, in whole or in part, by the actions and/or through the fault of other individuals or entities other than Moda.

**FIFTH AFFIRMATIVE DEFENSE**

**(Equitable Defenses)**

38.

Plaintiff's claim is barred, in whole or in part, by the equitable doctrines of waiver, estoppel, and/or unclean hands.

**SIXTH AFFIRMATIVE DEFENSE**

**(Good Faith/Legitimate Business Motives)**

39.

Without assuming the burden of proof, Moda states that its actions with respect to the subject matter as alleged in Plaintiff's Complaint were undertaken in good faith and justified by

Page 13 – DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

legitimate business motives, purposes and reasons, with the absence of intent to injure Plaintiff, and constituted lawful, proper, and justified activities.

## SEVENTH AFFIRMATIVE DEFENSE

### (Attorneys' Fees)

40.

Plaintiff's complaint is frivolous and unreasonable and without foundation, and Defendants are entitled to reasonable attorneys' fees incurred in defending this matter. Further, to the extent that Plaintiff's statutory claims permit recovery of attorneys' fees, Defendants are also entitled to recover under those statutes.

## EIGHTH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

41.

Defendants reserve their right to allege additional affirmative defenses and to add counterclaims should they become apparent during discovery.

WHEREFORE, Defendants pray for judgment as follows:

1.    For dismissal of Plaintiff's First Amended Complaint with prejudice;

2.    For an award of Moda's reasonable costs and disbursements incurred in defending against Plaintiff's First Amended Complaint; and

3.    For such further relief as the Court deems just, equitable, and proper.

DATED this 25th day of May, 2022.

BARRAN LIEBMAN LLP

By s/Andrew M. Schpak
  Andrew M. Schpak, OSB No. 044080
  aschpak@barran.com
  Natalie Pattison, OSB No. 204214
  npattison@barran.com
  Attorneys for Defendants

Page 14 – DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
   FIRST AMENDED COMPLAINT